GRAYDON *et al. v.* GADDIS.

EVIDENCE.—Evidence not pertinent to the issues, as they stand at the time of trial, should not be received, nor should evidence be received which would be in contradiction of the pleadings of the party offering it.

SUPPRESSION OF DEPOSITIONS.—Under section 266, 1 G. & H. p. 178, if the party against whom a deposition is filed wishes to have it suppressed for any defect disclosed in the deposition, he should make his objections before entering upon the trial; but, if such objection is made in time, and a determination thereof is not made by the Court before entering upon the trial, such objection will be considered to have been waived by the objector's failure to press the same to a decision before entering upon the trial.

APPEAL from *Clinton* Circuit Court.

HANNA, J.—The appellant sued the appellee upon two promissory notes.

The defendant answered: "*First*, That the plaintiffs were not the real owners, nor had they any interest in said notes —specially setting out facts. *Second*, That these two notes, (which are for about 4700 dollars), together with others to

the amount of 37,500 dollars, were given for a stock of goods purchased by *Gaddis & Stort* of *Clark & Seely*, payees of said notes; that the goods were to be invoiced and delivered at the prices at which they were purchased at *New York* and other cities; that they, *Clark & Seely*, represented that they were marked at 10 per cent above cost, and that they would sell at 10 per cent. below said marked prices; that said representation was false, in this, that said goods were marked at from 25 to 75 per cent. above cost, and only 10 per cent. deducted from said marked price; that watches, &c., invoiced at 1000 dollars, were abstracted by said payees after the notes were executed; that said goods were not, at said contract prices, worth over 20,000 or 25,000 dollars, but that, by reason of said frauds, said notes were executed, &c.

These facts were originally pleaded as a failure of consideration, &c.

The same facts, in substance, are set out in a third paragraph, with an averment that the original sale was to said *Stort* and one *Pierce*, and by *Pierce* to *Gaddis*, and that notes to the value of the goods received had been paid off, and, as to the balance, a suit was pending in, &c., to rescind the contract, &c.

In reply, the plaintiffs pleaded: *First*, A general denial. *Second*, As to the second paragraph of the answer, the execution of said notes in part for a stock of goods is admitted; but the misrepresentations and fraudulent acts charged are denied; and it is alleged that the purchasers, *Gaddis & Stort*, were experienced merchants, qualified to judge of the prices, &c., of goods, and before said purchase they had full opportunity to, and did, inspect said goods, and were present and assisted in taking the invoice thereof, received them, and disposed of the same to their own benefit. It is also charged that they acted fraudulently in taking possession and disposing of 2000 dollars' worth of said goods before they were

invoiced, and refusing to account therefor, and also, in procuring a false footing of said invoice to the amount of 2000 dollars, which they refused to correct, &c.

Upon the issues thus formed the case was submitted to a jury, and, after the evidence had been partly heard, the Court caused an entry to be made to the effect that a motion had been made at a previous term to suppress the deposition of one *Tracy*, and an entry thereof omitted, and an order *nunc pro tunc*, in relation to said motion, was, therefore, made of record, and said deposition suppressed.

The jury afterwards returned into Court a general verdict for the plaintiff, for 2495 dollars, and answers to special interrogatories, as follows:

About *May* or *June*, 1857, *Clark & Seeley* sold *Stort & Gaddis* a stock of goods, which amounted to 37,500 dollars.

2. The purchasers have not paid any part of said purchase money.

3. The notes sued on were given for a part of said purchase money.

A motion made by the plaintiffs that a judgment for the amount of the notes sued on, and interest, be entered on the special findings, was overruled; and a motion by the plaintiffs for a new trial was also overruled; and a judgment rendered upon the general verdict, from which this appeal is prosecuted by said plaintiffs.

The errors assigned are based upon the rulings of the Court in suppressing the deposition of *Tracey*, in permitting amendments in the pleadings, in refusing to render judgment for the full amount of the notes, &c., and in overruling the motion for a new trial.

The amendment in the pleadings complained of, consisted of a change in the second paragraph of the answer, by which the facts were set up as a counter claim. This was permitted after most of the evidence had been heard. The jury were

not re-sworn, nor the evidence re-offered. The amendment was objected and excepted to, but no motion was at the time based thereon.

Without stopping to critically examine whether an error was committed or not, we think that, in view of the verdict and judgment, no injury resulted to the plaintiff from the ruling.

At the time this amendment was obtained, the third paragraph of the answer was abandoned. As some of the evidence received and instructions given were directed to questions arising upon the facts thus pleaded and abandoned, we are not clear but that the jury may have been mislead thereby. For instance, as the issues were finally before the jury, the defendant set up that the notes were given for goods sold by *Clark & Seeley* to *Stort & Gaddis*, in reference to which the former had made false representations to the latter to their injury.

We do not see how, under this issue, evidence of a sale of the same goods, and the terms thereof, to third persons could be received. Indeed such proof, by the defendant, would be in contradiction of his pleading, and therefore, if for no other reason, inadmissible; and instructions, based upon any facts outside of the issues being tried, could only tend to confuse the jury.

This is all we desire to say about the instructions, which are voluminous.

As to the question upon the suppression of the deposition, it appears to be this; at a former term of the Court, the judge had noted in pencil on his docket that such a motion had been made. It was not then decided or noticed in the entries on the order book. After the opening evidence had been heard for the plaintiff and for the defendant, this deposition was offered as rebutting evidence by the plaintiff. It is embodied in the bill of exceptions and was material. The

Graydon et al. *v.* Gaddis.

defendant then renewed, or insisted upon his motion to suppress it, on the ground that it did not appear to have been taken in accordance with the notice and commission. The motion was sustained. The point is, should the motion originally made have been pressed to a decision before going into the trial; and if yea, whose duty was it to press it? These questions of practice arise upon the foregoing facts, and the following statute, outside of any general rules governing:

"All objections to the validity of any deposition or its admissibility in evidence, shall be made before entering on the trial, not afterwards. But any deposition, after the commencement of the trial, may be suppressed, if any matter which is not disclosed in the deposition appears, which is sufficient to authorize such suppression." Sec. 266, p. 88, 2 R. S.

What was the object in requiring such motion to be made before going into trial? Certainly that the party producing the deposition might be informed, whether he could rely upon that as a part of his evidence. If all the formalities required by the statute had not been complied with in procuring said deposition, yet if no objection was made, it would be admitted. So, if objection should be made, on the trial, to the validity or admissibility of such deposition for matter appearing in the deposition, it would be a sufficient answer to say, you come too late with your objection. If such objection should be made, by way of a motion to suppress, before going into the trial, but a determination thereof not obtained by the objectors, it appears to us in view of this whole section, that it could not be insisted upon afterwards. In other words the objection would be treated as waived by the party going to trial, leaving it undecided.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*James N. Sims*, for the appellants.